UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MARTA BARBEOSCH VARELA, Individually
and as Executrix of the Estate of William P.
Barbeosch, deceased

                                        Plaintiff,

                    -against-

BARNUM FINANCIAL GROUP, Peter Greco,
and George Gerhard III

                                        Defendant.
-------------------------------------------------------------X

13 CV 3332 ((JGK)


**ANSWER TO COMPLAINT**


DOCUMENT
ELECTRONICALLY FILED

 

      Defendant, METROPOLITAN LIFE INSURANCE COMPANY d/b/a Barnum Financial Group s/h/a Barnum Financial Group ("MetLife"), by its attorneys, Sedgwick LLP, as and for its Answer to plaintiff's Complaint, respectfully sets forth the following upon information and belief:

      Denies each and every allegation contained in the paragraph of the plaintiff's Complaint designated "NATURE OF THE ACTION" as alleged, and respectfully refers all questions of law to the Honorable Court.

      FIRST:      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of the Complaint.

      SECOND:     Denies each and every allegation contained in paragraph "2" of the plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admits that MetLife d/b/a Barnum Financial Group ("Barnum") is a domestic Corporation with its principal of business located in New York, New York, and that MetLife is licensed and authorized to transact business in the states of New York and Connecticut.

THIRD:      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "3" of the plaintiff's Complaint as alleged, except admits Peter Greco was a Financial Services Representative affiliated with Barnum.

FOURTH:      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "4" of the plaintiff's Complaint as alleged, except admits George Gerhard III was a Broker affiliated with Barnum.

FIFTH:      Denies each and every allegation contained in paragraph "5" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

SIXTH:      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "6" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court, except admits that plaintiff's claims relate to the administration of an employee welfare benefit plan governed by the Employee Retirement Income Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, et. seq., and that this court has subject matter jurisdiction pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(a)(i) and 28 U.S.C. §1331.

SEVENTH:      Admits the truth of each and every allegation contained in paragraph "7" of the plaintiff's Complaint.

EIGHTH:      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "8" of the plaintiff's Complaint as alleged, except admits that William Barbeosch (the "Decedent") was a former employee of Sun Trust Banks, Inc.

NINTH:      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "9" of the plaintiff's Complaint as alleged, except

admits that while he was an employee of Sun Trust Banks, Inc., Decedent was a participant in its group life insurance welfare benefit plan (the "Plan").

TENTH:     Denies each and every allegation contained in paragraph "10" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court and respectfully refer to the Plan documents for the terms, conditions, limitations, and exclusions set forth therein.

ELEVENTH: Denies each and every allegation contained in paragraph "11" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative claim file pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances contained therein.

TWELFTH:    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "12" of the plaintiff's Complaint.

THIRTEENTH:       Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of the plaintiff's Complaint.

FOURTEENTH:       Denies each and every allegation contained in paragraph "14" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court and respectfully refers to the Plan documents for the terms, conditions, limitations, and exclusions set forth therein.

FIFTEENTH:       Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "15" of the plaintiff's Complaint as

alleged, except admits that Decedent's employment status at Sun Trust Banks switched from full-time to part-time on April 1, 2011, and that Decedent had the right and received notice of his right to convert his group coverage under the Plan to an individual life insurance policy by following the terms of the Plan and submitting the necessary application forms within the 31- days conversion period, which began on April 1, 2011.

SIXTEENTH:          Denies the truth of each and every allegation contained in paragraphs "16" of the plaintiff's Complaint.

SEVENTEENTH:          Denies each and every allegation contained in paragraph "17" of the plaintiff's Complaint.

EIGHTEENTH:          Denies each and every allegation contained in paragraph "18" of the plaintiff's Complaint.

NINETEENTH:          Denies the truth of each and every allegation contained in paragraphs "19" of the plaintiff's Complaint as alleged and respectfully refers to the claim file pertaining to Decedent's claim kept and maintained by MetLife in the regular course and scope of business for the contents thereof, except admits that Greco discussed an illustration of the conversion policy premiums with Decedent.

TWENTIETH:          Denies each and every allegation contained in paragraph "20" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court and respectfully refers to the Plan document for its terms, conditions, limitations and exclusions, including the terms relating to conversion rights, which are self – explanatory.

TWENTY-FIRST:     Denies each and every allegation contained in paragraph "21" of the plaintiff's Complaint as alleged, except admits that Decedent died on May 13, 2011, after the expiration of the 31-day conversion period under the Plan.

TWENTY-SECOND:     Denies the truth of each and every allegation contained in paragraph "22" of the plaintiff's Complaint as alleged, except admits that plaintiff contacted Gerhard on May 26, 2011 and was advised at that time that Decedent did not file an application to convert the group life coverage to an individual policy.

TWENTY-THIRD:     Denies each and every allegation contained in paragraph "23" of the plaintiff's Complaint.

TWENTY-FOURTH:     Denies each and every allegation contained in paragraph "24" of the plaintiff's Complaint.

TWENTY-FIFTH:     Denies each and every allegation contained in paragraph "25" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative claim file pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances contained therein, except admits that MetLife denied plaintiff's claim for more than basic life insurance benefits because Decedent failed to exercise his conversion rights within the 31 day period following his April 1, 2011 change in employment status pursuant to the terms of the Plan.

TWENTY-SIXTH:     Denies each and every allegation contained in paragraph "26" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative claim file pertaining to plaintiff's claim kept and

maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances contained therein, except admits that MetLife upheld on administrative appeal the adverse benefit determination of plaintiff's claim.

## AS AND FOR AN ANSWER TO PLAINTIFF'S FIRST CAUSE OF ACTION ALLEGING NEGLIGENCE

TWENTY-SEVENTH:        In response to paragraph "27" of the plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "26" inclusive, with the same force and effect as if more fully set forth at length herein.

TWENTY-EIGHTH:        Denies each and every allegation contained in paragraph "28" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative claim file pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances contained therein.

TWENTY-NINTH:    Denies each and every allegation contained in paragraph "29" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

THIRTIETH:        Denies each and every allegation contained in paragraph "30" of the plaintiff's Complaint.

THIRTY-FIRST:        Denies each and every allegation contained in paragraph "31" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative claim file pertaining to plaintiff's claim kept and

maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances contained therein.

THIRTY-SECOND:   Denies each and every allegation contained in paragraph "32" of the plaintiff's Complaint.

THIRTY-THIRD:   Denies each and every allegation contained in paragraph "33" of the plaintiff's Complaint.

THIRTY-FOURTH:   Denies each and every allegation contained in paragraph "34" of the plaintiff's Complaint.

THIRTY-FIFTH:   Denies each and every allegation contained in paragraph "35" of the plaintiff's Complaint.

## AS AND FOR AN ANSWER TO PLAINTIFF'S SECOND CAUSE OF ACTION ALLEGING NEGLIGENT MISREPRESENTATION

THIRTY-SIXTH:   In response to paragraph "36" of the plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "35" inclusive, with the same force and effect as if more fully set forth at length herein.

THIRTY-SEVENTH:   Denies each and every allegation contained in paragraph "37" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative claim file pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances contained therein.

THIRTY-EIGHTH:   Denies each and every allegation contained in paragraph "38" of the plaintiff's Complaint.

THIRTY-NINTH:   Denies each and every allegation contained in paragraph "39" of the plaintiff's Complaint.

FORTIETH:  Denies each and every allegation contained in paragraph "40" of the plaintiff's Complaint.

FORTY-FIRST:   Denies each and every allegation contained in paragraph "41" of the plaintiff's Complaint.

FORTY-SECOND:   Denies each and every allegation contained in paragraph "42" of the plaintiff's Complaint.

### AS AND FOR AN ANSWER TO PLAINTIFF'S THIRD CAUSE OF ACTION ALLEGING COMMON LAW BREACH OF FIDUCIARY DUTY

FORTY-THIRD:   In response to paragraph "43" of the plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "42" inclusive, with the same force and effect as if more fully set forth at length herein.

FORTY-FOURTH:   Denies each and every allegation contained in paragraph "44" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative claim file pertaining to plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances contained therein.

FORTY-FIFTH:      Denies each and every allegation contained in paragraph "45" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FORTY-SIXTH:      Denies each and every allegation contained in paragraph "46" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FORTY-SEVENTH:  Denies each and every allegation contained in paragraph "47" of the plaintiff's Complaint.

FORTY-EIGHTH:      Denies each and every allegation contained in paragraph "48" of the plaintiff's Complaint.

FORTY-NINTH:      Denies each and every allegation contained in paragraph "49" of the plaintiff's Complaint.

## OBJECTION TO JURY DEMAND

FIFTIETH:      Defendant objects to plaintiff's Jury Demand because she is not entitled to a trial by jury of any claim asserted against this answering defendant.  *DeFelice v. International Assurance Co. of New York*, 112 F.3d 61 (2d Cir. 1997); *Sullivan v. LTV Aerospace and Defense Co.*, 82 F.3d 1251 (2d Cir. 1996).

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FIFTY-FIRST:      This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against this answering defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FIFTY-SECOND:      The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in the Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FIFTY-THIRD:      MetLife acted reasonably and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan.  Accordingly, plaintiff is barred from recovery for her claims in this action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

FIFTY-FOURTH:      All actions about which plaintiff complains were either required or permitted by applicable law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FIFTY-FIFTH:      MetLife's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb its determination concerning plaintiff's claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FIFTY-SIXTH:      Plaintiff has not properly pled a claim for attorneys' fees under ERISA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

FIFTY-SEVENTH:   Defendant MetLife as claim fiduciary for the Plan, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; and MetLife is deemed to have properly exercised this authority

unless it abuses its discretion by acting arbitrarily and capriciously.  Defendant MetLife's decision making was not arbitrary or capricious and therefore, the Court cannot disturb MetLife's determination concerning plaintiff's claim.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

FIFTY-EIGHTH:       Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FIFTY-NINTH:       The claims and remedies sought by plaintiff are limited solely to those provided under ERISA, and all remedies and claims made by plaintiff not provided for under ERISA are preempted.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

SIXTIETH:    The Court's review of plaintiff's claim against defendant is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by MetLife in the regular course of its business.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

SIXTY-FIRST:        Plaintiff's claims for legal, consequential and compensatory damages are completely preempted by ERISA.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

SIXTY-SECOND:      Any damages sought against MetLife must be reduced by the amount that plaintiff recovers from persons other than MetLife.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

SIXTY-THIRD:    Plaintiff's claims against MetLife are barred by the negligence, breach of contractual obligations and/or culpable conduct of the Decedent because he failed to convert his group coverage under the Plan to an individual life insurance policy pursuant to the terms of the Plan, which failure directly contributed and proximately caused any loss that plaintiff claims to have sustained.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

SIXTY-FOURTH:    Upon information and belief, plaintiff's claims are barred in whole or in part by her failure to mitigate damages.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

SIXTY-FIFTH:    Plaintiff has failed to set out her claims with sufficient particularity to permit defendant MetLife to raise all the appropriate defenses, and MetLife therefore reserves its right to add additional defenses as to the factual bases for plaintiff's purported claims as they become known.

**WHEREFORE**, defendant MetLife prays:

1. That the action be dismissed, or that judgment be entered in favor of defendant, MetLife and against plaintiff;
2. That defendant, MetLife be awarded costs of suit incurred herein;
3. That defendant, MetLife be awarded reasonable attorney's fees; and
4. That defendant, MetLife be awarded such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          September 4, 2013

Respectfully submitted,

s/
_____
MICHAEL H. BERNSTEIN (MB-0579)
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, New York 10281-1008
T:  212.422.0202 | F:  212.422.0925
*Attorneys for Defendant*
*METROPOLITAN LIFE INSURANCE COMPANY*

TO:    Thomas More Marrone, Esq.
       1845 Walnut Street, Fifteenth Floor
       Philadelphia, Pennsylvania 19103
       T: (215)609-1350
       F: (215)609-1351
       TMARRONE@CBMCLAW.COM
       NY Bar ID. No.  4739538
       *Attorneys for Plaintiff*

13

## CERTIFICATE OF SERVICE

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER** (on behalf of Metropolitan Life Insurance Company) was served **ECF and Regular Mail** on September 4, 2013, upon the following:

Thomas More Marrone, Esq.
1845 Walnut Street, Fifteenth Floor
Philadelphia, Pennsylvania 19103
T: (215)609-1350
F: (215)609-1351
TMARRONE@CBMCLAW.COM
NY Bar ID. No.  4739538
*Attorneys for Plaintiff*

Dated:      New York, New York
            September 4, 2013

                                        s/ _____
                                        MICHAEL H. BERNSTEIN (MB-0579)

14