```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARTA BARBEOSCH VARELA, Individually    :
and as Executrix of the Estate of William P.,     :    NO. 13-CV-3332 (ALC)
Barbeosch, Deceased,                              :
                                                  :
                    Plaintiff,                    :
                                                  :
        v.                                        :
                                                  :
BARNUM FINANCIAL GROUP,                           :
PETER GRECO & GEORGE GERHARD, III                 :
                                                  :
                    Defendants.                   :
-----------------------------------------------------------X
```

## DEFENDANTS PETER GRECO AND GEORGE GERHARD, III'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE <u>AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>

SICHENZIA ROSS FRIEDMAN FERENCE LLP
61 Broadway, 32nd Floor
New York, New York 10006
(212) 930-9700 (tel.)
(212) 930-9725 (fax)

*Attorneys for Defendants Peter Greco & George Gerhard, III*

<u>Of Counsel</u>:
Richard J. Babnick, Jr., Esq. (RB-3374)
Christopher M. Pisacane, Esq. (CP-1854)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................ii

PRELIMINARY STATEMENT............................................................................................1

BACKGROUND....................................................................................................................3

ARGUMENT..........................................................................................................................5

    A. The Legal Standard...................................................................................................5

    B. The Court Should Dismiss the Claims Against Defendants
       Because They Are Preempted Under ERISA.............................................................6

    C. The Court Should Dismiss the Claims Against Defendants
       Because No Special or Fiduciary Relationship Existed
       Between Decedent and Defendants............................................................................8

        1. The Amended Complaint Contains No Allegations of Any Contact
           Between Mr. Gerhard and the Decedent.............................................................10

        2. The Amended Complaint Contains No Factual Allegations that the Required
           Special Relationship Existed Between the Decedent and Mr. Greco...............11

CONCLUSION......................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

AG Capital Funding Partners, L.P. v. State Street Bank & Trust Co., 11 N.Y.3d 146, 896 N.E.2d 61, 866 N.Y.S.2d 578 (2008)..........................................................................9

Ashcroft v. Iqbal, 556 U.S. 662 (2009)..........................................................................5

Batas v. Prudential Ins. Co., 281 A.D.2d 260, 724 N.Y.S.2d 3 (1st Dep't 2001)..............9, 11

Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007)..................................................5

Bello v. New Eng. Fin, 3 Misc. 3d 1109(A), 787 N.Y.S.2d 676 (Sup. Ct. Nassau Cty. May 20, 2004)...............................................................................................................13

Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775 (2d Cir. 2003).............................8

Gaidon v. Guardian Life Ins. Co. of Am,. 255 A.D.2d 101, 679 N.Y.S.2d 611 (1st Dep't 1998)...........................................................................................................................8, 12

Gilbert v. LaSalle Bank Corp., No. 06 Civ. 4799 (LAK) (JCF), 2007 U.S. Dist. LEXIS 31955 (S.D.N.Y. May 2, 2007) ...................................................................................6, 7

Goshen v. Mutual Life Ins. Co. of New York, 1997 WL 710669, (Sup.Ct. New York Cty, Oct. 21, 1997)........................................................................................................8, 9, 12

Herman v. Time Warner Inc., 56 F. Supp. 2d 411 (S.D.N.Y. 1999)..................................6

Howard v. Gleason Corp., 901 F.2d 1154 (2d Cir. 1990).................................................6

Hydro Investors, Inc. v. Trafalgar Power Inc., 227 F.3d 8 (2d Cir. 2000).........................8

Leonelli v. Pennwalt., 887 F.2d 1195 (2d Cir. 1989).......................................................7

Matter of Gordon v. Bialystoker Ctr. & Biker Cholem, 45 N.Y.2d 692, 385 N.E.2d 285, 412 N.Y.S.2d 593 (1978).............................................................................................9

M & E Mfg. Co. v. Frank H. Reis, Inc., 258 A.D.2d 9, 692 N.Y.S.2d 191 (3d Dep't 1999).................................................................................................................9

Murphy v. Kuhn, 90 N.Y.2d 266, 682 N.E.2d 972, 660 N.Y.S.2d 371 (1997)..........9, 10, 11, 12

Pappas v. Harrow Stores, Inc., 140 A.D.2d 501, 528 N.Y.S.2d 404 (2d Dep't 1988)..............8

Paull v. First UNUM Life Ins. Co., 295 A.D.2d 982, 744 N.Y.S.2d 95 (4th Dep't 2002)............9

Phila. Indem. Ins. Co. v. Horowitz, Greener & Stengel, LLP, 379 F. Supp.2d 442 (S.D.N.Y. 2005) ...........................................................................................................10

Phillips v. Am. Int'l Group, Inc., 498 F. Supp.2d 690 (S.D.N.Y. 2007) ....................8, 11, 12

Scotto Princeton LLC v. Felsen Assocs., Inc., 11 Misc. 3d 378, 807 N.Y.S.2d 546 (Sup. Ct. Nassau Cty. Dec. 27, 2005).................................................................9, 12

Tesoriero v. MetLife, 6 Misc. 3d 1005(A), 800 N.Y.S.2d 357 (Sup. Ct. Kings Cty. May 13, 2004)...............................................................................................................12

**Statutes**

29 U.S.C. § 1001(b)...........................................................................................................6

29 U.S.C. § 1002(21)(A)................................................................................................6, 7

29 U.S.C. § 1132(a)(1)(B)..................................................................................................6

29 § U.S.C. 1161................................................................................................................6

29 § U.S.C. 1162................................................................................................................6

New York Insurance Law § 4216(d)..................................................................................6

Defendants Peter Greco and George Gerhard, III (collectively "Defendants") submit this Memorandum of Law in Support of their Motion to Dismiss the Amended Complaint of Plaintiff Marta Barbeosch Varela ("Plaintiff") on the grounds that Plaintiff has failed to state valid claims against Defendants.

## PRELIMINARY STATEMENT

In this action, Plaintiff, as the Executrix and beneficiary of the estate of her late husband William P. Barbeosch ("Barbeosch" or the "Decedent") asserts negligence, negligent misrepresentation and breach of fiduciary duty claims against the Defendants based upon their alleged failure to advise the Decedent of the proper deadline to convert his group life insurance policy to an individual policy following a change in his employment status. Despite being given a reprieve by the Court to amend and supplement her allegations, Plaintiff's Amended Complaint contains all of the same deficiencies and flaws as her original pleading. As discussed below, Plaintiff's claims fail to state a claim against each individual defendant and fail as a matter of law. Accordingly, the Court should dismiss the Amended Complaint as against the Defendants.

First, Plaintiff's state law claims center on the obligations owed the Decedent for the conversion of his group life insurance policy. The Second Circuit has held that such claims under New York law are preempted under the Employee Retirement Income Security Act of 1974 as amended ("ERISA"). Under ERISA, an employee who fails to receive notice of his/her ERISA plan conversion rights may file a civil action against any "plan fiduciary" of their ERISA plan. The Amended Complaint contains no allegations stating the Defendants are "plan fiduciaries" as defined under ERISA, and even if such allegations were pled, the Defendants are not plan fiduciaries as defined under ERISA for Decedent's life insurance policy.

Second, Plaintiff's claims for negligence, negligent misrepresentation and breach of

fiduciary duty all require that a special or fiduciary relationship existed between the Decedent and Defendants. Regarding the claims against Mr. Gerhard, the Amended Complaint contains no allegations of any contact between Mr. Gerhard and the Decedent. The only contact alleged to have occurred between Mr. Gerhard and Plaintiff was **after** Mr. Barbeosch's death. Since no contact between Messrs. Gerhard and Barbeosch ever occurred, no relationship between them ever existed. Therefore, there is no viable claim against Mr. Gerhard.

In addition, regarding the claims against both Defendants, the Amended Complaint only contains bald, conclusory allegations (without any factual support) that a so-called "special relationship" existed. Such naked assertions without any factual support are not enough to meet the requisite pleading standard.

Furthermore, under New York law, Defendants (as insurance agents) did not owe the Decedent a duty other than to obtain the requested insurance coverage or indicate the inability to do so. The Amended Complaint does not contain any allegations that the Defendants failed to obtain the requested insurance coverage. Notably, there is no allegation that Defendants were ever asked to obtain any coverage for the Decedent – let alone that they failed to obtain any request for coverage or failed to state their inability to do so. There are also no allegations in the Amended Complaint that the Defendants were ever the insurance agent for the Decedent. All the Amended Complaint alleges is that the Decedent had several conversations and an e-mail with Mr. Greco in April 2011 **after** he had already been informed by Sun Trust's Human Resources Department (the ERISA fiduciary) of his time in which to convert his insurance policy. These bland allegations do not provide sufficient factual support to create a special or fiduciary relationship between the parties.

Consequently, the Court should dismiss the Amended Complaint as against the

Defendants.

## BACKGROUND

In the Amended Complaint, Plaintiff alleges that Mr. Barbeosch was formerly the Chief Fiduciary Officer of non-party GenSpring Family Offices ("GenSpring"), a wholly owned subsidiary of SunTrust Banks, Inc. ("SunTrust") (Compl. ¶ 8.)[1] Mr. Barbeosch was also the Chairman of the Board of Teton Trust Company, another wholly-owned subsidiary of SunTrust. (Id.) As a full-time employee of GenSpring, Mr. Barbeosch had a group life insurance policy with basic coverage of $450,000 payable to his beneficiary: Plaintiff. (Id. ¶¶ 9-11.)

On or about February 23, 2011, GenSpring advised Mr. Barbeosch that the Fiduciary Services department at GenSpring was being eliminated, effectively terminating his full-time position. (Id. ¶ 13.) However, effective April 1, 2011, GenSpring offered Mr. Barbeosch a part-time position where he would only be entitled to $10,000 worth of basic life insurance coverage. (Id. ¶¶ 14-15.)

On or about April 8, 2011, Mr. Barbeosch received an e-mail from SunTrust's Human Resources Department outlining how his change in employment status would affect his life insurance benefits. (Compl. ¶ 16.) As acknowledged in the Amended Complaint, this e-mail stated and informed Mr. Barbeosch that his life insurance benefit would be reduced from $450,000 to $10,000 and that if he wished to convert the excess of $10,000 into a private policy he was required to call a certain provided telephone number within thirty-one (31) days. (Id.)

The Amended Complaint further alleges that on April 18, 2011, Mr. Barbeosch "consulted" with Mr. Greco regarding converting his group policy to a private policy with a benefit of $450,000. (Id. ¶ 17.) Notably, there is no allegation that the Decedent called the

---

[1] References to "Compl. ¶ __" are to Plaintiff's Amended Complaint, dated September 30, 2013. (See Docket # 16.)

number provided by his employer's HR Department. (See generally, Compl.) The Amended Complaint baldly alleges that Mr. Greco advised the Decedent that the period for converting his group policy commenced from April 18, 2011, rather than April 1, 2011 (the date of the Decedent's change in employment status) and that the conversion deadline was May 19, 2011. (Compl. ¶ 18.) The Amended Complaint further alleges that on April 27, 2011, the Decedent and Mr. Greco had a telephone conversation and exchanged an e-mail regarding converting the Decedent's group policy to a private policy. (Id. ¶¶ 20-21.)

On May 13, 2011, Mr. Barbeosch died. (Id. ¶ 23.) On May 27, 2011, **after** Mr. Barbeosch died, the Amended Complaint alleges that Plaintiff contacted Messrs. Gerhard and Greco to discuss making a claim for the Decedent's life insurance benefits. (Id. ¶ 24.) The Amended Complaint further alleges that during two (2) phone conversations on May 27 and May 28, 2011, Mr. Gerhard told Plaintiff that since Mr. Barbeosch died within the group policy conversion period, she would be entitled to the full $450,000 benefit. (Id. ¶¶ 26, 28.) There is no allegation in the Amended Complaint that Mr. Gerhard had any contact with the Decedent. (See generally, Compl.)

The Amended Complaint alleges that on June 14, 2011, a representative from the insurance company advised Plaintiff that since the Decedent failed to submit his notice of conversion within 31 days of the change of his employment status on April 1, 2011, she was only entitled to the basic life insurance benefit of $10,000, and was not entitled to receive the full $450,000 benefit. (Compl. ¶ 29.)

Tellingly, the Amended Complaint contains no allegations detailing the exact nature of the relationship between the Decedent and Defendants. There is no allegation that the Decedent ever asked the Defendants to purchase a life insurance policy. There is no allegation that either

4

Mr. Greco or Mr. Gerhard was ever the insurance agent for the Decedent. Based upon these broad, vague allegations, the Amended Complaint purports to allege three (3) causes of action against the Defendants for: (1) negligence; (2) negligent misrepresentation; and (3) breach of fiduciary duty. As detailed below, the Court should dismiss the Amended Complaint as against the Defendants

## ARGUMENT

### A.   The Legal Standard

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must comprise a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). The Rule 8 pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. A complaint which proffers "labels and conclusions . . . [or] . . . a formulaic recitation of the elements of a cause of action will not do." Id. Furthermore, a pleading will not meet the Rule 8 standard if merely contains "naked assertions" lacking any "further factual enhancement." Id. (quoting Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 557 (2007)).

In order to survive a motion to dismiss, a complaint must contain sufficient facts, which if accepted as true, state a claim for relief that is plausible from the face of the complaint. Iqbal, 556 U.S. at 678. Plausibility requires that plaintiff plead "factual content" – a requirement missing from the allegations that form the basis of the claims against the Defendants. See, id. In addition, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Against this standard, the Amended Complaint fails to state a claim against Defendants.

5

B.  **The Court Should Dismiss the Claims Against Defendants Because They Are Preempted Under ERISA**

New York Insurance Law § 4216(d) covers the obligations owed to an employee for the conversion of their group insurance policy. However, the U.S. Court of Appeals for the Second Circuit has held that "New York Insurance Law § 4216(d) is preempted when applied to employers who provide group insurance with a conversion privilege as part of an ERISA benefit plan." Howard v. Gleason Corp., 901 F.2d 1154, 1157 (2d Cir. 1990). ERISA requires that an insurance plan include the right of conversion. See Gilbert v. LaSalle Bank Corp., No. 06 Civ. 4799 (LAK) (JCF), 2007 U.S. Dist. LEXIS 31955, at *13 (S.D.N.Y. May 2, 2007) (citing 29 §§U.S.C. 1161-1162). ERISA requires that either the designated plan fiduciary or someone identified in the ERISA plan as a fiduciary to provide a plan beneficiary with notice of any conversion rights. See Gilbert, 2007 U.S. Dist. LEXIS 31955 at *13. ERISA provides that plan participants and beneficiaries can bring civil actions against plan fiduciaries for any failure to disclose. Id. (citing 29 U.S.C. §§ 1001(b), 1132(a)(1)(B)). In order to state such a claim, the plaintiff must allege: (1) the defendant was the fiduciary of an ERISA plan; and (2) the defendant breached its fiduciary obligations. See Gilbert, 2007 U.S. Dist. LEXIS 31955 at *11 (citing Herman v. Time Warner Inc., 56 F. Supp. 2d 411, 416 (S.D.N.Y. 1999)).

Under ERISA, plan fiduciaries are defined as, inter alia, those who: (i) exercise any discretionary authority or discretionary control regarding management of the ERISA plan or exercise any authority or control regarding the management or disposition of its assets, (ii) render investment advice for a fee or other compensation regarding any moneys or other property of the plan (or have any authority or responsibility to do so), or (iii) have any discretionary authority or discretionary responsibility in the administration of the plan. See § 29 U.S.C. 1002(21)(A). "An entity that lacks such discretion is not a fiduciary and is not liable under

6

ERISA." Gilbert, 2007 U.S. Dist. LEXIS 31955 at *12 (citing Leonelli v. Pennwalt., 887 F.2d 1195, 1199 (2d Cir. 1989)).

The Amended Complaint contains no allegations stating that the Defendants are plan fiduciaries under ERISA. Even if the Amended Complaint did attempt to levy such allegations, Messrs. Greco and Gerhard are not plan fiduciaries of Mr. Barbeosch's life insurance plan as defined under ERISA. See 29 § U.S.C. 1002(21)(A). The Defendants had no control (or authority) over the Decedent's ERISA plan and there is no allegation that the Defendants were ever compensated for rendering any investment advice. In addition, Plaintiff does not allege that Defendants were identified as plan fiduciaries in the Decedent's ERISA plan. (See generally, Compl.)

Furthermore, the Amended Complaint acknowledged that, on or about April 8, 2011, Mr. Barbeosch's employer *did* provide him with notice of his conversion rights and the time he had to effectuate the change. (See Compl. ¶ 16.) Therefore, the Decedent had notice of the group policy's conversion date prior to speaking with Mr. Greco for the first time on April 18, 2011. (Id. ¶¶ 17-18.) In addition, any claim under ERISA regarding the failure to provide the Decedent with his conversion rights would have to be alleged against GenSpring and/or SunTrust (as plan fiduciaries) - not Defendants. Consequently, the Court should dismiss the Amended Complaint as against the Defendants. See Gilbert, 2007 U.S. Dist. LEXIS 31955, at *14 (ERISA claim brought by executrix of her late husband dismissed as against life insurance company for failure to disclose life insurance policy conversion rights since company was not defined in ERISA plan as having duty to provide notice of conversion rights).

7

## C. The Court Should Dismiss the Claims Against Defendants Because <u>No Special or Fiduciary Relationship Existed Between Decedent and Defendants</u>

Notwithstanding the fact that Plaintiff's claims are preempted under ERISA, Plaintiff's claims against Defendants also fail to meet the plausibility requirement of <u>Iqbal</u> because the Amended Complaint contains no specific factual allegations which show that a special or fiduciary relationship existed between the parties. This defect, in itself, requires dismissal of the Amended Complaint. Each cause of action alleged requires that Plaintiff plead and prove that a special relationship exists. Plaintiff cannot meet this burden.

When a negligence claim (as here) is predicated upon an alleged misrepresentation, Plaintiff has the burden to prove that the Defendants had a duty, based upon a special relationship between the parties, to provide correct information, that the information given was false and that the Plaintiff reasonably relied upon the information. <u>Phillips v. Am. Int'l Group, Inc.</u>, 498 F. Supp.2d 690, 698 (S.D.N.Y. 2007) (citing <u>Hydro Investors, Inc. v. Trafalgar Power Inc.</u>, 227 F.3d 8, 20 (2d Cir. 2000)); <u>Goshen v. Mutual Life Ins. Co. of New York</u>, 1997 WL 710669, at *11, (Sup.Ct. New York Cty, Oct. 21, 1997) (citing <u>Pappas v. Harrow Stores, Inc.</u>, 140 A.D.2d 501, 504, 528 N.Y.S.2d 404, 407 (2d Dep't 1988)). A special relationship exists where the defendants "possess unique or specialized expertise" or "are in a special position of confidence and trust" with the plaintiff. <u>Phillips</u>, 498 F. Supp.2d at 698 (quoting <u>Dallas Aerospace, Inc. v. CIS Air Corp.</u>, 352 F.3d 775, 788 (2d Cir. 2003)). Under New York law, "a defendant's superior knowledge of the actuarial assumptions and the variables affecting [an insurance policy], acquired as a result of its experience selling insurance" does **not** create the specialized expertise necessary to create a special relationship. <u>Id.</u> (quoting <u>Gaidon v. Guardian Life Ins. Co. of Am.</u> 255 A.D.2d 101, 102, 679 N.Y.S.2d 611 (1st Dep't 1998)).

8

A claim for breach of fiduciary duty also requires the existence of a fiduciary relationship between the parties. <u>AG Capital Funding Partners, L.P. v. State Street Bank & Trust Co.</u>, 11 N.Y.3d 146, 158, 896 N.E.2d 61, 866 N.Y.S.2d 578 (2008). A fiduciary relationship arises where "one party places special trust and confidence in another such that the first party becomes dependent on the second party." <u>Goshen</u>, 1997 WL 710669, at * 9 (quoting <u>Matter of Gordon v. Bialystoker Ctr. & Biker Cholem</u>, 45 N.Y.2d 692, 385 N.E.2d 285, 412 N.Y.S.2d 593 (1978)). The purchase of an insurance policy through an agent, however, does not create a fiduciary relationship between the agent and customer. <u>Batas v. Prudential Ins. Co.</u>, 281 A.D.2d 260, 724 N.Y.S.2d 3 (1st Dep't 2001); <u>Scotto Princeton LLC v. Felsen Assocs., Inc.</u>, 11 Misc. 3d 378, 380, 807 N.Y.S.2d 546, 548 (Sup. Ct. Nassau Cty. Dec. 27, 2005) (citing <u>Paull v. First UNUM Life Ins. Co.</u>, 295 A.D.2d 982, 744 N.Y.S.2d 95 (4th Dep't 2002)); <u>Goshen</u>, 1997 WL 710669, at *8.

"Generally, the law is reasonably settled on initial principles that insurance agents have a common-law duty to obtain requested coverage from their clients within a reasonable time or inform the client of the inability to do so; however, they have no continuing duty to advise, guide or direct a client to obtain additional coverage." <u>Murphy v. Kuhn</u>, 90 N.Y.2d 266, 270, 682 N.E.2d 972, 660 N.Y.S.2d 371 (1997). The rationale for this rule is that "[i]nsureds are in a better position to know their personal assets and abilities to protect themselves more so than general insurance agents or brokers, unless the latter are informed and asked to advise and act." <u>Murphy</u>, 90 N.Y.2d at 273. "Insurance agents or brokers are not personal financial counselors and risk counselors." <u>Id</u>. Consequently, "the insureds are the final decision makers in such risk management determinations." <u>M & E Mfg. Co. v. Frank H. Reis, Inc.</u>, 258 A.D.2d 9, 11, 692 N.Y.S.2d 191 (3d Dep't 1999).

9

"Exceptional cases and particularized situations may arise in which insurance agents, through their conduct or by express or implied contract with customers and clients, may assume duties in addition to those fixed at common law." Phila. Indem. Ins. Co. v. Horowitz, Greener & Stengel, LLP, 379 F. Supp.2d 442, 458 (S.D.N.Y. 2005) (quoting Murphy, 90 N.Y.2d at 272). "New York courts rarely find such a relationship, but recognize an additional duty in exceptional situations, such as where the agent receives compensation for consultation beyond the premium payments, the insured relies on expertise of the agent regarding a raised question of coverage, or there is an extended coursed of dealing sufficient to put objectively reasonable agents on notice that their advice was being relied on." Id. The determination as to whether such exceptional duties arise should be "governed by the particular relationship between the parties and [be] determined on a case-by-case basis." Murphy, 90 N.Y.2d at 272. The insured has the burden to demonstrate such a relationship exists. Phila. Indem. Ins. Co., 379 F. Supp.2d at 459.

### 1. The Amended Complaint Contains No Allegations of Any Contact Between Mr. Gerhard and the Decedent

The Amended Complaint contains no allegations of any conversations or contact between Mr. Gerhard and the Decedent. The only contact alleged to have occurred between Mr. Gerhard and Plaintiff was **after** Mr. Barbeosch's death. (See Compl. ¶¶ 24-28.) There are no allegations in the Amended Complaint that Mr. Gerhard ever advised or counseled the Decedent regarding the conversion of his group policy. The only alleged contact with Mr. Gerhard concerned whether Plaintiff could make a claim for the Decedent's insurance benefits. (See Id.) Since no contact between Messrs. Gerhard and Barbeosch ever occurred, no relationship between them ever existed. Therefore, there is no viable claim against Mr. Gerhard and the Court should dismiss the Amended Complaint as against Mr. Gerhard.

### 2. The Amended Complaint Contains No Factual Allegations that the Required Special Relationship Existed Between the Decedent and Mr. Greco

Plaintiff's claims fail to meet the plausibility requirement of Iqbal because the Amended Complaint fails to properly plead factual allegations evincing that the required special or fiduciary relationship existed between the Decedent and Mr. Greco. The Amended Complaint contains no specific allegations of how the Decedent had a special or fiduciary relationship with Mr. Greco. All the Amended Complaint contains are bald, conclusory allegations that Greco "assumed and owed…legal duties" to the Decedent and that "Defendants entered into a special relationship of trust and confidence" with the Decedent. (Compl. ¶ 17, 34.) Such "naked assertions" and conclusory allegations pertaining to the Defendants do not suffice to meet the Iqbal pleading standard. Consequently, the Court should dismiss the Amended Complaint as against the Defendants.

Here, the Amended Complaint alleges that the Decedent contacted Mr. Greco concerning a new insurance policy, however, it is well-settled that the purchase of an insurance policy through an agent does not create a fiduciary or special relationship between the agent and customer. See Batas, 281 A.D.2d at 724; Phillips, 498 F. Supp.2d at 69. Under New York law, Mr. Greco did not owe the Decedent a duty other than to obtain the requested insurance coverage or indicate his inability to do so. See Murphy, 90 N.Y.2d at 270. There is no allegation in the Amended Complaint that Mr. Greco failed to obtain the requested insurance coverage or failed to state his inability to do so. In fact, there is no allegation that Mr. Greco <u>was even asked to obtain any coverage</u> for the Decedent, let alone that he failed to obtain any request for coverage. There is also no allegation in the Amended Complaint that Defendants were <u>ever the insurance agent</u> for the Decedent. All the Amended Complaint states is that the Decedent "consulted with" Mr. Greco regarding his group policy and that Plaintiff contacted Messrs. Gerhard and Greco

11

twice after Mr. Barbeosch's death. (See Compl. ¶ 17-21, 24-28.) These allegations do not create an "exceptional" circumstance where a special or fiduciary relationship might have existed. See Phillips, 379 F. Supp. 2d at 458-59.

Furthermore, since the Decedent received actual notice from his employer – the ERISA fiduciary – regarding the time limit for converting his group policy, he was in a "better position to know" what the conversion period was and in a better position to "protect" himself during the conversion period. See Murphy, 90 N.Y.2d at 273. Defendants (as insurance agents) were not the Decedent's financial consultant or counselor. Id. The Decedent was the "final decision maker" regarding his conversion rights and was in the best position to manage the risk associated with whether or not to convert his group life insurance policy. Id. Therefore, the Amended Complaint simply is bereft of any allegations which serve to create a special or fiduciary relationship between the Defendants and the Decedent.

Accordingly, the Court should grant this motion and dismiss the entire Amended Complaint as against the Defendants. See Murphy, 90 N.Y.2d at 270-73; Gaidon, 255 A.D.2d at 101-02 (breach of fiduciary duty and negligent misrepresentation claims dismissed where complaint lacked sufficient allegations of a confidential relationship and allegations of trust and reliance stated in conclusory fashion); Phillips, 498 F. Supp.2d at 696-98 (breach of fiduciary duty and negligent misrepresentation claims dismissed in sale of insurance policy where no special relationship existed); Tesoriero v. MetLife, 6 Misc. 3d 1005(A), 800 N.Y.S.2d 357 (Sup. Ct. Kings Cty. May 13, 2004) (motion to dismiss granted dismissing breach of fiduciary claim against insurance broker where no special relationship found surrounding sale of insurance policy); Goshen, 1997 WL 710669, at *8-11; Scotto Princeton LLC, 11 Misc.3d at 380-82 (motion to dismiss breach of fiduciary claims against insurance agent granted where no special

relationship exists); Bello v. New Eng. Fin, 3 Misc. 3d 1109(A), 787 N.Y.S.2d 676 (Sup. Ct. Nassau Cty. May 20, 2004) (motion to dismiss breach of fiduciary claims against insurance agent granted where no special relationship exists).

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court dismiss the Amended Complaint, as to them, in its entirety and with prejudice.

Dated: New York, New York
      November 1, 2013

                      SICHENZIA ROSS FRIEDMAN FERENCE LLP

                      By:_____
                              Richard J. Babnick, Jr., Esq. (RB-3374)
                              Christopher Pisacane, Esq. (CP-1854)
                      61 Broadway, 32nd Floor
                      New York, New York 10006
                      (212) 930-9700 (tel.)
                      (212) 930-9725 (fax)

                      Attorneys for Defendants
                      Peter Greco and George Gerhard, III.