UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARTA BARBEOSCH VARELA, Individually    :
and as Executrix of the Estate of William P.,    :    NO. 13-CV-3332 (ALC)
Barbeosch, Deceased,    :
    :
                          Plaintiff,    :
    :
      v.    :
    :
BARNUM FINANCIAL GROUP, et al.,    :
    :
                         Defendants.    :
-------------------------------------------------------------X

### DEFENDANT PETER GRECO'S MEMORANDUM
### OF LAW IN SUPPORT OF HIS MOTION TO DISMISS THE
### SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

SICHENZIA ROSS FRIEDMAN FERENCE LLP
61 Broadway, 32nd Floor
New York, New York 10006
(212) 930-9700 (tel.)
(212) 930-9725 (fax)

*Attorneys for Defendant Peter Greco*

Of Counsel:
Richard J. Babnick, Jr., Esq. (RB-3374)
Christopher M. Pisacane, Esq. (CP-1854)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................ii

PRELIMINARY STATEMENT..........................................................................1

ARGUMENT..........................................................................................................2

    A. The Court Should Dismiss the Claims Against Mr. Greco Because They Are Preempted Under ERISA...................................................................2

    B. The Court Should Dismiss the Claims Against Mr. Greco Because No Special or Fiduciary Relationship Existed Between Decedent and Mr. Greco...................................................................5

CONCLUSION.....................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

Batas v. Prudential Ins. Co., 281 A.D.2d 260, 724 N.Y.S.2d 3 (1st Dep't 2001)..................5, 6

Cherniak v. Solow Realty & Dev. Co., LLC, No. 12-cv-5564 (HB),
2013 U.S. Dist. LEXIS 99937 (S.D.N.Y. July 17, 2013)..................................................4

Gerosa v. Savasta & Co., 329 F.3d 317 (2d Cir. 2003).................................................................4

Gilbert v. LaSalle Bank Corp., No. 06 Civ. 4799 (LAK) (JCF),
2007 U.S. Dist. LEXIS 31955 (S.D.N.Y. May 2, 2007).............................................4, 5

Globalnet Financial.com, Inc. v. Frank & Crystal & Co.,
449 F.3d 377 (2d. Cir. 2005)........................................................................................6, 7

Howard v. Gleason Corp., 901 F.2d 1154 (2d Cir. 1990)..............................................................2

Hydro Investors, Inc. v. Trafalgar Power Inc., 227 F.3d 8 (2d Cir. 2000)....................................5

Murphy v. Kuhn, 90 N.Y.2d 266, 682 N.E.2d 972, 660 N.Y.S.2d 371 (1997)....................6, 8, 9

Ordonez v. Lovelace, Inc., No. 02-cv-6193 (DLI) (WDW),
2007 U.S. Dist. LEXIS 10377 (E.D.N.Y. Feb. 12, 2007)............................................6, 7

Phillips v. Am. Int'l Group, Inc., 498 F. Supp.2d 690 (S.D.N.Y. 2007) .....................5, 6, 7-8

Ribis v. Mike Barnard Chevrolet-Cadillac, Inc., 468 F. Supp. 2d 489
(W.D.N.Y. 2007)..........................................................................................................8, 9

Stevenson v. Bank of N.Y. Co., 609 F.3d 56 (2d. Cir. 2010).....................................................3, 4

Weinrauch v. New York Life Ins. Co., No. 12 Civ. 510 (PAC) (FM),
2007 U.S. Dist. LEXIS 8105 (S.D.N.Y. Jan. 15, 2013).................................................2, 3

**Statutes**

29 U.S.C. § 1001 (b)......................................................................................................................5

29 U.S.C. § 1132(a)(1)(B)..................................................................................5

F.R.E. § 601........................................................................................................2

N.Y. Civ. Prac. L. & R. § 4519.......................................................................2, 8

Defendant Peter Greco[1] submits this Reply Memorandum of Law in support of his Motion to Dismiss the Second Amended Complaint of Plaintiff Marta Barbeosch Varela on the grounds that Plaintiff has failed to state valid claims against Mr. Greco.

## PRELIMINARY STATEMENT

Nothing contained within Plaintiff's Memorandum of Law in Opposition to Peter Greco's Motion to Dismiss the Second Amended Complaint (the "Opposition Memo") contravenes the simple fact that the Court should dismiss all the claims against Mr. Greco. As demonstrated in Mr. Greco's Motion to Dismiss, the Court should dismiss the claims because they are preempted under ERISA. Despite her attempts to obfuscate the issue, Plaintiff cannot avoid the fact that her claims center on the Decedent's right to convert his group life insurance policy to an individual policy. Under well-established case law, such claims are preempted under ERISA. Moreover, under ERISA, Plaintiff may only bring a civil action against a "plan fiduciary" of the ERISA plan. Plaintiff admits that Mr. Greco is not a plan fiduciary under ERISA. Consequently, Plaintiff's claims against Mr. Greco are preempted under ERISA and the Court should dismiss the claims.

Notwithstanding the fact that her claims are preempted under ERISA, the Court should also dismiss Plaintiff's claims against Mr. Greco because Plaintiff has failed to plead that the requisite special or fiduciary relationship existed between the parties. Nothing contained in the Opposition Memo contravenes the well-settled legal principles that, under New York law, Mr. Greco as an insurance agent did not owe the Decedent a duty other than to obtain the requested insurance coverage or indicate the inability to do so. Despite her attempts to salvage her state law claims by trying to incorporate allegations that do not appear in the Second Amended

---

[1] Unless provided herein, all terms defined in Mr. Greco's Memorandum of Law in Support of his Motion to Dismiss are incorporated herein.

Complaint, the simple fact remains that the Second Amended Complaint does not contain any allegations that Mr. Greco failed to obtain the requested insurance coverage. There is no allegation that Mr. Greco was ever asked to obtain any coverage for the Decedent – let alone that he failed to obtain any request for coverage or failed to state his inability to do so. There are also no allegations in the Second Amended Complaint that Mr. Greco was ever the insurance agent for the Decedent. All the Second Amended Complaint states are inadmissible hearsay allegations concerning the Decedent's statements to Plaintiff[2] and that the Decedent "consulted with" Mr. Greco regarding his group policy and that Plaintiff contacted Messrs. Gerhard and Greco twice after Mr. Barbeosch's death. There sparse allegations do not suffice to create the requisite special relationship.

Accordingly, the Court should dismiss the Second Amended Complaint as against Mr. Greco, with prejudice.

## ARGUMENT

A. **The Court Should Dismiss the Claims Against Mr. Greco Because They Are Preempted Under ERISA**

Plaintiff does not dispute that "claims related to an employee's right to convert a group policy to an individual policy generally fall within the scope of ERISA." Weinrauch v. New York Life Ins. Co., No. 12 Civ. 510 (PAC) (FM), 2007 U.S. Dist. LEXIS 8105, at *15 (S.D.N.Y. Jan. 15, 2013) (citing Howard v. Gleason Corp., 901 F.2d 1154, 1158 (2d Cir. 1990)). Instead, Plaintiff attempts to obfuscate the issue by arguing that no ERISA preemption exists where the state law claims at issue do not affect the relationships among the "core ERISA entities" – and

---

[2] All alleged statements to Plaintiff are inadmissible hearsay under New York's Dead Man's Statute, and all are precluded from evidence at trial. See F.R.E. § 601 (West 2013); N.Y. Civ. Prac. L. & R. § 4519 (McKinney's 2013). Consequently, if the statements are inadmissible at trial, they should not serve as a basis for a claim as at trial no such relief would be granted based on such inadmissible statements.

2

that since Mr. Greco is not among these "core entities" – no ERISA preemption exists. (Opposition Memo at pp. 12-13.) This argument is misplaced. Each case cited by Plaintiff to support this argument is either readily distinguishable or supports ERISA preemption in this case.

Plaintiff first cites Weinrauch to claim that this action is "not governed by ERISA." (See Opposition Memo at p. 7, n. 1). The facts in Weinrauch, however, are distinguishable and have no relevance to the case at bar. In Weinrauch, the plaintiff had *already converted* his two disability policies into individual policies. Weinrauch, 2007 U.S. Dist. LEXIS 8105 at *4. Here, the Decedent *never converted* his group policy. In Weinrauch, after the conversion of his disability policies, the plaintiff subsequently made a claim for disability benefits and was denied his request for retroactive disability payments. Id. at *5-7. The plaintiff subsequently sued New York Life for his denied retroactive disability payments. Id. at *7.

The Weinrauch court held that "courts in [the Second Circuit], have repeatedly found that 'claims arising from the conversion policy *itself* are not preempted by [ERISA]'" and found that the action on the converted policy was not preempted. Id. at *15 (emphasis added). The Weinrauch court, however, acknowledged that, as here, "claims related to an employee's *right to convert* a group policy to an individual policy *generally fall within the scope of ERISA*." Id. (emphasis added). Plaintiff's claims here do not arise from the conversion policy for the simple reason that Mr. Barbeosch's group policy was never converted, rather, the claims are based on his right to convert and, as a result, are within the scope of ERISA.

Plaintiff's reliance on Stevenson v. Bank of N.Y. Co., 609 F.3d 56 (2d Cir. 2010) (see Opposition Memo at pp. 12-13) is also misplaced. In Stevenson, the plaintiff's state law claims arose from the allegation that the defendant's "employees reneged on *their promise* to maintain

3

certain benefits and pension plans on his behalf during his absence from the bank and then unlawfully terminated his employment." Stevenson, 609 F.3d at 58 (emphasis added). The case did not address the situation before this Court. In addressing the scope of ERISA, the Stevenson court ruled that "state laws that would tend to control or supersede central ERISA functions – such as state laws affecting the determination of eligibility for benefits, amounts of benefits, or means of securing unpaid benefits – have typically been found to be preempted." Id. at 59. Here, Plaintiff seeks $440,000 in unpaid benefits that she claims are owed to her because of the alleged failure to convert a life insurance policy – a claim for unpaid benefits that is preempted under ERISA. See id.

Plaintiff's reliance on Cherniak v. Solow Realty & Dev. Co., LLC, No. 12-cv-5564 (HB), 2013 U.S. Dist. LEXIS 99937 (S.D.N.Y. July 17, 2013) and Gerosa v. Savasta & Co., 329 F.3d 317 (2d Cir. 2003) (see Opposition Memo at pp. 12-13) are also off-point because neither case had any claim concerning the failure to convert a group policy to an individual policy. The plaintiff's claims in Cherniak centered on the allegation that when he was terminated from his employment he should have received a supplemental retirement benefit. Id. at *2. The Cherniak plaintiff subsequently brought numerous state law and ERISA claims seeking his supplemental retirement benefit. Id. In Gerosa, the plaintiff (the Trustee of a Pension Fund), brought claims against the actuary of the Fund arising from the failure to report and properly record the Fund's financials. Gerosa, 329 F.3d at 319-20. Neither Cherniak nor Gerosa contained a single allegation concerning the failure to convert a group policy to an individual policy, consequently, these cases are inapposite.

As demonstrated above, Plaintiff's claims are preempted under ERISA. A claim under ERISA, however, may only be made against a plan fiduciary. Gilbert v. LaSalle Bank Corp.,

4

No. 06 Civ. 4799 (LAK) (JCF), 2007 U.S. Dist. LEXIS 31955, at *13 (S.D.N.Y. May 2, 2007) (citing 29 U.S.C. §§ 1001(b), 1132(a)(1)(B)). Here, Plaintiff openly admits that Mr. Greco is not a plan fiduciary. (See Compl. ¶¶ 13-15; Opposition Memo at pp. 6, 10, 12-13.) Accordingly, by Plaintiff's own admissions and the applicable case law, the Court should dismiss the preempted claim against Mr. Greco because no such claim lies against him under ERISA. See Gilbert, 2007 U.S. Dist. LEXIS 31955, at *14.

### B. The Court Should Dismiss the Claims Against Mr. Greco Because No Special or Fiduciary Relationship Existed Between Decedent and Mr. Greco

Plaintiff does not dispute that when a negligence claim, as here, is predicated upon an alleged misrepresentation, Plaintiff has the burden to prove that Mr. Greco had a duty – based upon a special relationship between the parties – to provide correct information, that the information given was false and that the Plaintiff reasonably relied upon the information. See Phillips v. Am. Int'l Group, Inc., 498 F. Supp.2d 690, 698 (S.D.N.Y. 2007) (citing Hydro Investors, Inc. v. Trafalgar Power Inc., 227 F.3d 8, 20 (2d Cir. 2000)). Plaintiff also does not dispute that under New York law, "a defendant's superior knowledge of the actuarial assumptions and the variables affecting [an insurance policy], acquired as a result of its experience selling insurance" does **not** create the specialized expertise necessary to create a special relationship. Phillips, 498 F. Supp. 2d at 698. Plaintiff also does not dispute that the purchase of an insurance policy through an agent does not create a fiduciary relationship between the agent and customer. See Batas v. Prudential Ins. Co., 281 A.D.2d 260, 724 N.Y.S.2d 3 (1st Dep't 2001). "Generally, the law is reasonably settled on initial principles that insurance agents have a common-law duty to obtain requested coverage from their clients within a reasonable time or inform the client of the inability to do so; however, they have no continuing duty to

5

advise, guide or direct a client to obtain additional coverage." Murphy v. Kuhn, 90 N.Y.2d 266, 270, 682 N.E.2d 972, 660 N.Y.S.2d 371 (1997).

In a desperate attempt to keep her state law claims alive, Plaintiff first argues that her negligence claims survive because she is suing Mr. Greco based on inadmissible hearsay allegations that Mr. Greco "mis-advis[ed]" the Decedent on the proper conversion date (see Opposition Memo at p. 14.), despite the Second Amended Complaint's acknowledgment that the Decedent had received an e-mail from the ERISA fiduciary that the Decedent had to convert his policy within 31 days. (See Compl. ¶ 20.) This argument ignores the well-settled principles of New York law detailed above that the purchase of an insurance policy through an agent does not create a fiduciary or special relationship between the agent and customer. See Batas, 281 A.D.2d at 724; Phillips, 498 F. Supp.2d at 69. Under New York law, Mr. Greco did not owe the Decedent a duty other than to obtain the requested insurance coverage or indicate his inability to do so. See Murphy, 90 N.Y.2d at 270. There is no allegation in the Second Amended Complaint that Mr. Greco failed to obtain the requested insurance coverage or failed to state his inability to do so. In fact, there is no allegation that Mr. Greco *was even asked to obtain any coverage* for the Decedent – let alone that he failed to obtain any request for coverage. There is also no allegation in the Second Amended Complaint that Mr. Greco was *ever the insurance agent* for the Decedent.

Moreover, the cases cited by Plaintiff in support of her concocted argument that Mr. Greco "mis-advising" Mr. Barbeosch somehow creates a special relationship does not support such a conclusion. Neither Globalnet Financial.com, Inc. v. Frank & Crystal & Co., 449 F.3d 377 (2d. Cir. 2005) nor Ordonez v. Lovelace, Inc., No. 02-cv-6193 (DLI) (WDW), 2007 U.S. Dist. LEXIS 10377 (E.D.N.Y. Feb. 12, 2007) (see Opposition Memo at pp. 14-15) concerned

6

any claim based on the alleged failure to advise concerning the conversion of a group policy to an individual policy. In Globalnet, the case pertained to claims for breach of contract, breach of fiduciary duty and negligence arising from an insurance broker's failure to notify the plaintiff that its D&O policies were about to be cancelled for the failure to make timely premium payments. Globalnet, 449 F.3d at 381. No such facts exist here. In Ordonez, third-party claims were brought against an insurance broker for the failure to obtain liability insurance coverage and for the broker misrepresenting to the client that it had already obtained the requisite coverage. Ordonez, 2007 U.S. Dist. LEXIS 10377 at *2, 5. In addition, the legal issue in Ordonez concerned the insurance broker's alleged failure to procure the correct typed insurance coverage – an issue that is not present in the case at bar. Id. at *13-15.

Here, the Second Amended Complaint does not allege that the Decedent had a prior or existing insurance agent relationship with Mr. Greco. Indeed, the Second Amended Complaint specifically acknowledges that the ERISA fiduciary provided the Decedent a specific telephone number, (not Mr. Greco's) however, to call to convert his group policy. (See Compl. ¶ 20.)

Plaintiff also tries to salvage her claims against Mr. Greco by arguing that *financial advisors* may be held liable for professional malpractice. (See Opposition Memo at p. 15.) There is no allegation in the Second Amended Complaint, however, that Mr. Greco was ever the Decedent's *financial advisor* or that he provided any *financial advice* or services to the Decedent. Not only was the Decedent never Mr. Greco's client, all the Second Amended Complaint asserts is that the Decedent "consulted with" Mr. Greco regarding his group policy and that Plaintiff contacted Messrs. Gerhard and Greco twice after Mr. Barbeosch's death. (See Compl. ¶¶ 21-25, 28-31.) These sparse allegations do not suffice to create the requisite "exceptional" relationship where a special or fiduciary relationship existed. See Phillips, 379 F.

7

Supp. 2d at 458-59; see also Murphy, 90 N.Y.2d at 273 ("Insurance agents or brokers are not personal financial counselors and risk counselors."). Thus, this newly created assertion is without merit, not in the Second Amended Complaint and cannot save Plaintiff's claims.

In a last-ditched effort to save her claims, Plaintiff also asserts that the Decedent "consulted with" Mr. Greco because of "Defendant's superior knowledge regarding insurance matters and because [Mr. Barbeosch] needed advice regarding [insurance matters]..." (See Opposition Memo at p. 16.) The Court should disregard these allegations because they do not appear in the Second Amended Complaint and they are inadmissible hearsay under New York's Dead Man's Statute. See N.Y. Civ. Prac. L. & R. § 4519 (McKinney's 2013); see also Ribis v. Mike Barnard Chevrolet-Cadillac, Inc., 468 F. Supp. 2d 489, 495 (W.D.N.Y. 2007) ("a memorandum of law is not a proper vehicle for rewriting or amending the complaint...In other words, a plaintiff may not use a memorandum of law or other similar paper to assert a claim that is not contained in the complaint"). These feigned allegations do nothing to cure the defects of the Second Amended Complaint – namely that Plaintiff cannot proffer any factual allegations to create the requisite special relationship between the parties.

Plaintiff also claims that a special relationship existed because Mr. Barbeosch relied on the expertise of his insurance agent regarding a question of coverage. (See Opposition Memo at p. 17.) Once again, Plaintiff ignores the simple fact that nowhere in the Second Amended Complaint does it state that Mr. Greco was ever the insurance agent for the Decedent or that there was a question of coverage. Moreover, Plaintiff asserts allegations that appear nowhere in the Second Amended Complaint. This time, Plaintiff claims that the Decedent consulted with Mr. Greco and sought his advice because he "did not understand how to convert his policy" and that the Decedent "went to Defendants to determine what he had to do to convert his policy, and

8

when he had to do it" despite the fact that the ERISA fiduciary had provided him with a specific telephone number to call to convert his policy. (See Opposition Memo at pp. 17, 18; compare Compl. ¶ 20.) Thus, the Court should disregard these allegations. Ribis, 468 F. Supp. 2d at 495.

Plaintiff also argues that Mr. Greco cannot rely on the defense that the Decedent had a duty to read his policy since misrepresentations were allegedly made regarding the conversion of his group policy. (See Opposition Memo at p. 18.) This argument ignores what Mr. Greco argued in his Motion to Dismiss and well-established case law. Mr. Greco did not contend that the Decedent should have read his policy. Rather, Mr. Greco argued that based upon well-settled principles of New York law, since the Decedent received actual notice from his employer – the ERISA fiduciary – regarding the time limit for converting his group policy, he was in a "better position to know" what the conversion period was and in a better position to "protect" himself during the conversion period. (Motion to Dismiss at p. 11.) Mr. Greco (as an insurance agent) was not the Decedent's financial consultant or counselor. Murphy, 90 N.Y.2d at 273. The Decedent was the "final decision maker" regarding his conversion rights and was in the best position to manage the risk associated with whether or not to convert his group life insurance policy. Id. Therefore, the Second Amended Complaint simply is bereft of any allegations which serve to create a special or fiduciary relationship between Mr. Greco and the Decedent.

## CONCLUSION

For the foregoing reasons, Mr. Greco respectfully requests that the Court dismiss the Second Amended Complaint, as to him, in its entirety and with prejudice.[3]

Dated: New York, New York
      February 6, 2015

                            SICHENZIA ROSS FRIEDMAN FERENCE LLP

                            By:    /s/ Christopher Pisacane
                                    Richard J. Babnick, Jr., Esq. (RB-3374)
                                    Christopher Pisacane, Esq. (CP-1854)
                            61 Broadway, 32nd Floor
                            New York, New York 10006
                            (212) 930-9700 (tel.)
                            (212) 930-9725 (fax)

                            Attorneys for Defendant
                            Peter Greco

---

[3] Mr. Greco respectfully submits that the Court should deny Plaintiff any further leave to amend her complaint as futile because Plaintiff already has received the Court's permission to file two amended complaints in this matter.